CONCURRING OPINION JUSTICE MUNDY I agree that the Superior Court erred when it concluded that driveways= are never curtilage , entitled to Fourth Amendment protection. As the Maj'ority correctly notes, the. Commonwealth conceded to the Superior Court that Appellant’s driveway was part of his home’s curtilage. See Commonwealth’s Super. Ct. Brief, 596 MDA 2014, at 21 (arguing that “exigent circumstances justified entry upon -the curti-lage.”). On this basis alone, the Superior Court erred in sua sponte concluding otherwise. However, this Court’s decision should not be read to suggest a per se rule that all -driveways are part of a home’s curti-lage, as “the Fourth Amendment does not generally tolerate per se rules, as- they are contrary to the standards of reasonableness and probable cause - built into the amendment’s text.” Commonwealth v. Shabezz, 166 A.3d 278, 291 (Pa. 2017) (Mundy, J., concurring); see also U.S. Const. amend. IV; Commonwealth v. Smith, 621 Pa. 218, 77 A.3d 562, 571 (2013) (stating, “[i]n Fourth Amendment/Article I, Section 8 cases, this Court and the United States Supreme Court have been equally dear that per se rules ... are extremely disfavored[ ]”). . Here; the Maj'ority correctly notes that whether an area constitutes curtilage is a multi-factor inquiry. See Majority Op. at 739-40 n.7; United States v. Dunn , 480 U.S. 294, 301, 107 S.Ct. 1134, 94 L.Ed.2d 326 (1987) (stating that “curtilage questions should be resolved with particular reference to four factors: the proximity of the area claimed to be curtilage to the home, whether the area is included within an enclosure surrounding the home, the nature of the uses to which the area is put, and the steps' taken by the resident to protect the area from observation by people passing' by.”). This analysis is to be used to determine whether a given driveway constitutes part of a home’s curtilage. This ease is relatively straightforward in light of the Commonwealth’s concession, but there will be other cases in which the analysis will be more complex. See United States v. Beene, 818 F.3d 157, 162 (5th Cir. 2016) (concluding Beene’s driveway was not curtilage where the “driveway was open and could be observed from [the street, and although fences encircled part of the driveway, nothing blocked its access or obstructed its view from the street[, and Beene failed to take] steps to protect [his] privacy, such as posting ‘no trespassing’ signs.”), cert. denied, — U.S. -, 137 S.Ct. 113, 196 L.Ed.2d 91 (2016); United States v. Brown, 510 F.3d 57, 6566 (1st Cir. 2007) (concluding that under the Dunn factors, the top of Brown’s driveway next to his garage and his trailer was not part of the curtilage). As to the federal automobile exception, I join the Court’s opinion on the understanding that its conclusion is connected to a curtilage determination, I do not read the Court’s opinion as establishing a bright-line rule that the federal automobile exception can never apply to a vehicle parked in a residential driveway. Rather, my understanding of the Majority’s conclusion is that it is built upon the foundation that Appellant’s driveway in this case was within the curtilage of his hom¿. As the Majority notes, this is how the Commonwealth frames the issue. See Commonwealth’s Brief at 9 (conceding “the police must be lawfully in the place where they observe the vehicle for any analysis of the automobile exception to follow.”). Once it is established that the driveway is curtilage, as the Commonwealth conceded to the Superior Court, the .automobile exception does, not permit police to trespass onto the curtilage to seize an automobile. See Coolidge v. New Hampshire, 403 U.S, 443, 479, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971) (plurality) (concluding that if the Court were to hold the automobile exception applies to a vehicle parked in a residential driveway “where there was no stopping and the vehicle was unoccupied ... it is but a short step to the .position that it is never necessary for the police to obtain a warrant before searching and seizing an automobile, provided that ■they have probable cause.”). Here, the Majority correctly concludes that the Superior Court’s sua sponte per se rule that no driveway is ever curtilage was error, and that in light of this driveway being curtilage, the automobile' exception did not authorize the warrantless seizure in this case. With the understanding that the Court reaches those two conclusions without creating any per se rules, I join its opinion.